**CAUSE NO. ____________________**

| | | |
|---|---|---|
| **ERIC WOODS** *Plaintiff,* | § § § | **IN THE DISTRICT COURT** |
| **v.** | § § | **___ JUDICIAL DISTRICT** |
| **VYACHESLAV BOGDANOV, U.S. XPRESS, INC., U.S. XPRESS LEASING, INC. and WALMART INC.** *Defendants.* | § § § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, **ERIC WOODS**, hereinafter referred to as Plaintiff, files this original petition against Defendants **VYACHESLAV BOGDANOV, U.S. XPRESS, INC., U.S. XPRESS LEASING, INC. and WALMART INC.** and alleges as follows:

### A. DISCOVERY-CONTROL PLAN LEVEL

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.3 because Plaintiff seeks monetary relief of more than $250,000 but less than $1,000,000.00.

### B. CLAIM FOR RELIEF UNDER RULE 47 T.R.C.P.

2. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states the following:

   a. This cause of action arises out of a claim for negligence involving a motor vehicle accident;
   b. Damages sought are within the jurisdictional limits of the court;
   c. Plaintiff seeks only monetary relief of more than $250,000.00 but less than $1,000,000.00; and
   d. A demand for judgment for all the other relief to which the party deems himself and/or herself entitled.

### C. PARTIES AND SERVICE

3. Plaintiff **ERIC WOODS** is an individual who resides in Fort Bend County, Texas.

4. Defendant **VYACHESLAV BOGDANOV**, hereinafter referred to as Defendant **BOGDANOV** is an individual who may be served with process at Defendant's usual place of abode, 5135 Labounty Dr. Unit 209 Ferndale, WA 98248 or wherever Defendant may be found. **Issuance Of Citation Is Requested.**



**EXHIBIT A**

5. Defendant **U.S. XPRESS, INC.** is a corporation registered in Texas which may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc., at 211 E. 7th St. Ste. 620 Austin, TX 78701. **Issuance Of Citation Is Requested.**

6. Defendant **U.S. XPRESS LEASING, INC.** is a corporation registered in Texas which may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc., at 211 E. 7th St. Ste. 620 Austin, TX 78701. **Issuance Of Citation Is Requested.**

7. Defendant **WALMART INC.** is a corporation registered in Texas which may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St. Ste. 900 Dallas, TX 75201. **Issuance Of Citation Is Requested.**

## D. JURISDICTION AND VENUE

8. The subject matter in controversy is within the jurisdictional limits of this court.

9. Venue is proper in HARRIS COUNTY, TEXAS under Texas Civil Practice & Remedies Code §15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in HARRIS COUNTY, TEXAS.

## E. FACTS

10. On or about January 26, 2023, Plaintiff was traveling eastbound on Elmsworth Dr. towards the intersection with southbound W. Sam Houston Pkwy. As Plaintiff prepared to make a right hand turn onto southbound W. Sam Houston Pkwy., Defendant **BOGDANOV** ("Defendant Driver") was operating a commercial motor vehicle traveling on the same road in the same direction as Plaintiff. Defendant Driver failed to maintain his lane of travel and attempted to make a right hand turn onto southbound W. Sam Houston Pkwy. from the left of Plaintiff's vehicle. As Defendant Driver attempted the right hand turn, the trailer of the commercial motor vehicle scraped and damaged the side of Plaintiff's vehicle.

11. The Defendant Driver was operating a motor vehicle owned by Defendants **U.S. XPRESS, INC., U.S. XPRESS LEASING, INC. and WALMART INC.** ("Defendant Employers") under the course and scope of Defendant Driver's employment for Defendant Employers.

12. Defendant Driver failed to control their speed, failed to be aware of their surroundings, and collided with Plaintiff's vehicle causing the collision hereinafter referred to as "The Crash",

damage to Plaintiff's vehicle and painful and long lasting personal injuries to Plaintiff.

### F. NEGLIGENCE OF DEFENDANT VYACHESLAV BOGDANOV

13. Defendant had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently.

14. Defendant breached the duty of care in the following ways:

a. In driving their vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.
b. Failing to timely apply the brakes to the vehicle in order to avoid the collision.
c. Failing to be attentive and yield the flow of traffic;
d. Failing to maintain a proper lookout.
e. Failing to maintain proper control of Defendant's vehicle.
f. Failing to turn the vehicle to avoid the collision.
g. Failing to control the speed of Defendant's vehicle.
h. Failing to stop in time to avoid the accident.
i. Failing to turn the vehicle to avoid the collision.
j. Failing to use due caution.
k. Failing to use due care to avoid the collision.
l. Failing to sound horn or warn prior to the accident.
m. Failing to pay requisite attention as a reasonably prudent driver would.
n. Failing to take necessary precautions.
o. Failing to take, identify, predict, decide and execute proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances in order to avoid a collision.
p. Failing to turn the direction of the vehicle away from the Plaintiff, in order to avoid the accident.
q. In failing to be attentive and maintain their lane of traffic in violation of Texas Transportation Code §545.052.
r. Failing to stop, yield, and grant immediate use of the intersection until such time as to not be a hazard and failing to stop and proceed only when the intersection can be safely entered without interference or collision with traffic in violation of Texas Transportation Code §545.151(b)(c).
s. Driving Defendant's vehicle at a rate of speed greater than that at which a person of ordinary prudence would have driven under the same or similar circumstances.
t. Driving recklessly, in violation of Texas Transportation Code §545.401.
u. Causing a collision of vehicle, which resulted in serious injuries. Causing an accident involving personal injuries or death in violation of Texas Transportation Code §550.021.
v. In failing to stop, yield, and grant the privilege of immediate use of the intersection after coming to a complete stop and yield the right of way to a vehicle already in the intersection in violation of Texas Transportation Code §545.153.
w. Failing to act as a reasonable and prudent person would have under the same or

similar circumstances.

x. Violating several other sections of the Texas Transportation Code.

y. All other acts or omissions as shown at the time of trial.

15. Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## G. NEGLIGENCE PER SE OF VYACHESLAV BOGDANOV

16. Defendant had a duty to refrain from driving at a speed greater than reasonable and to avoid distraction which would cause inattention to the roadway while operating a vehicle. Adherence to these duties would have prevented the Defendant from posing a hazard to a vehicle in close proximity, such as Plaintiff's vehicle; resultantly, Plaintiff is a member of the class the abovementioned sections of the Texas Transportation Code were designed to protect. Defendant's breach of such duty proximately caused the Plaintiff's injuries.

17. Defendant's conduct described herein constitutes and unexcused breach of duty imposed by the Texas Transportation Code, which said acts or omission constituted negligence per se in the following acts to wit:

a. Driving recklessly, in violation of Texas Transportation Code §545.401.

b. Causing a collision of vehicle, which resulted in serious injuries. Causing an accident involving personal injuries or death in violation of Texas Transportation Code §550.021.

c. In failing to stop, yield, and grant the privilege of immediate use of the intersection after coming to a complete stop and yield the right of way to a vehicle already in the intersection in violation of Texas Transportation Code §545.153.

d. Failing to stop, yield, and grant immediate use of the intersection until such time as to not be a hazard and failing to stop and proceed only when the intersection can be safely entered without interference or collision with traffic in violation of Texas Transportation Code §545.151(b)(c).

e. In failing to be attentive and maintain their lane of traffic in violation of Texas Transportation Code §545.052.

f. Violating several other sections of the Texas Transportation Code.

18. Defendant owed a duty to Plaintiff to operate their motor vehicle in a safe and prudent way as any reasonable person would in the same or similar circumstances. The above listed elements show that Defendant breached that duty. Defendant's breach of this duty proximately caused the personal injuries suffered by Plaintiff.

19. Further, Plaintiff is in the class of persons the above referenced statute is designed to

protect and Plaintiff's injury is of such type as the statute was designed to prevent. The statute is one for which tort visibility may be imposed when violated. The Defendant violated the statute without excuse. Defendant's act or omission proximately caused the Plaintiff's injury.

20. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and/or negligence *per se,* which proximately caused The Crash and Plaintiff's injuries and damages.

## H. VICARIOUS LIABILITY/ RESPONDEAT SUPERIOR

21. Plaintiff will show that Defendant Employers are liable for the damages and injuries that were caused by the negligence of its employees, agents, and representatives. Defendants are liable for the acts or omissions of its subcontractors, employees, agents of Defendants and any persons over whom Defendants retained control, including Defendant Driver. Defendant Employers had control over the manner, methods, and procedures that its employees, agents, and representatives used in carrying out the assigned duties that caused Plaintiff's injuries.

22. Alternatively, and without waiving the foregoing, Defendant Employers are liable under the doctrine of respondeat superior; master/servant; and/or principal/agent for the acts of their employees, statutory-employees, agents, co-defendants and representatives, whether through apparent authority or actual authority, including Defendant Driver.

## I. DAMAGES

23. Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in the following damages:

a. Medical expenses in the past and future.
b. Physical pain and suffering in the past and future.
c. Mental anguish in the past and future.
d. Loss of enjoyment of life in the past and future.
e. Disfigurement in the past and future.
f. Physical impairment in the past and future.
g. Lost wages and/or loss of earning capacity in the past and future.
h. Loss of use in the past and future.
i. Actual- or intrinsic-value damages, which is the value of the property to Plaintiff in the condition it was in when it was damaged.
j. Sentimental-value damages, which is the reasonable special value of the property to Plaintiff.
k. Repair damages, which is the value of the reasonable cost of repairs.
l. Loss-of-use damages, which is the reasonable cost of renting a replacement.

m. Lost profits, which is the value for the loss of anticipated profits.
n. Loss of convenience when forced to seek medical treatment.
o. Loss of enjoyment of life.

24. Plaintiff seeks damages within the jurisdictional limits of this Court.

## J. AGGRAVATION

25. In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease, and/or condition at the time of The Crash made the basis of this lawsuit, then such injury, disease, and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## K. U.S. LIFE TABLES

26. Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as published by the Department of Health and Human Services – National Vital Statistics Report in the trial of this matter. Plaintiff requests that the Honorable Court take judicial notice of those regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## L. MISNOMER, ALTER-EGO, AND ASSUMED NAME

27. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or parties are/were "alter-egos" of parties named herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the Defendants herein.

## M. TEXAS RULES OF EVIDENCE 609(F) REQUEST

28. Plaintiff requests, pursuant to Texas Rules of Evidence 609(f), that Defendants give Plaintiff sufficient advanced written notice of Defendants' intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## N. T.R.C.P. 193.7 NOTICE OF SELF AUTHENTICATION

29. Plaintiff hereby gives notice, pursuant to Tex. R. Civ. P. 193.7, of Plaintiff's intent to utilize against the party producing same any document produced in response to written discovery served by this Plaintiff, and any documents exchanged provided between the parties (including but not

limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

### O. DESIGNATED E-SERVICE EMAIL ADDRESS

30. The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: E-Service@KTCLAWFIRM.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

### P. PRAYER

31. For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Actual damages.
b. Prejudgment and post judgment interest.
c. Court costs.
d. All other relief to which Plaintiff is entitled.

Respectfully Submitted,

**THE LAW OFFICES OF KELLY T. CURRAN**

BY: ______________________________

**TEVIN THOMPSON**
State Bar No. 24131711
5718 Westheimer Rd., Suite 1000
Houston, Texas 77056
Phone: (713) 588-4470
Fax: (469) 458-2993
E-mail: Tevin@ktclawfirm.com
E-serve: E-Service@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**